

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-5-2003

# Winters v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1246

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Winters v. Comm Social Security" (2003). *2003 Decisions*. Paper 136.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/136

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-1246
_____

LINDA M. WINTERS, O/B/O GERALD M. MEINERT, (DECEASED)

Appellant

v.

JO ANNE B. BARNHART,
Commissioner of Social Security
_____

Appeal from the United States District Court
For the Western District of Pennsylvania
D.C. No. 01-cv-01432
District Judge: Honorable Donald E. Ziegler
_____

Submitted Under Third Circuit LAR 34.1(a) October 22, 2003

Before: ALITO, FUENTES, and ROSENN, Circuit Judges

(Filed: November 5, 2003)
_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

Linda Winters, on behalf of plaintiff, Gerald M. Meinert, now deceased, appeals

from a decision of the Commissioner denying the plaintiff's motion for summary

judgment and affirming the final decision of the Commissioner. The plaintiff originally

filed a claim for disability insurance benefits (DIB) in February 1997 due to uncontrolled

diabetes mellitus, peripheral neuritis, and hypertension. He amended his petition to

include depression. Having exhausted all of the administrative relief available to him,

including a hearing before an Administrative Law Judge (ALJ), plaintiff filed suit in the

United States District Court for the Western District of Pennsylvania pursuant to 42

U.S.C. § 405(g) seeking judicial review of the Commissioner's final decision. We affirm.

I.

Because the facts are well known to the parties, we will not review the evidence

presented to the ALJ and the Commissioner. During the appellate proceedings, the

plaintiff, who has not engaged in substantial gainful activity since 1995, died of heart

disease. He was fifty-seven years old with a college education at the time of the hearing

before the ALJ.

The District Court carefully reviewed the medical evidence in its written opinion.

It also reviewed the progress notes maintained at the treating medical center in connection

with the plaintiff's care and treatment. The District Court also reviewed the five step

valuation process set forth in the regulations, 20 C.F.R. § 416.920, to determine whether

the ALJ followed it in determining whether the claimant was entitled to benefits. The

first two steps involved a determination whether the claimant is able to perform

"substantial gainful activity" and whether he suffers from a severe medical impairment or

combination of impairments. In the third step, the claimant's impairment is compared to

2

a list of impairments deemed severe enough to preclude any gainful work. If the claimant's impairment matches or equals one of the listed impairments, he or she qualifies for benefits without further inquiry. If the impairment is not equivalent to a listing, the fourth step is to determine whether the claimant, despite his severe impairment, has the "residual functional capacity" to perform his past relevant work. The regulations define "residual functional capacity" as "what [a claimant] . . . can still do despite [his] . . . limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(a). If the claimant is unable to perform his past work, the fifth step is to determine whether the claimant can perform other work in the national economy, given his residual functional capacity, age, education, and work experience. The claimant bears the burden of proving his disability in the first four steps and the Commissioner bears the burden of proof in the fifth step.

The District Court found that the ALJ applied the five-step process and that the plaintiff met the disability insured status requirement of the Act, and that he has not engaged in substantial gainful employment since December 31, 1995, the alleged onset of his disability. The ALJ also found that the plaintiff suffered from medically determinable severe impairments, including insulin dependent diabetes mellitus, hypertension, and back and joint pain. However, he found that Meinert did not have an impairment or combination of impairments which met or medically equaled, any listed impairment as set forth in the Appendix I, Subpart P, Regulation #4. The District Court noted that the ALJ

3

found that none of the plaintiff's impairments, individually or in combination, however, were severe enough to qualify him as "presumptively disabled" under the Regulations. Although the ALJ found the plaintiff could not return to his past relevant work as a heavy laborer, he did have the residual functional capacity (RFC) to perform, at best, medium work. Considering the plaintiff's vocational profile and using as a framework, Rule 203.14 of the Medical-Vocational Guidelines, the District Court agreed with the ALJ findings that the plaintiff was not disabled, notwithstanding his non-exertional impairments, that the impairments did not significantly erode the plaintiff's occupational base for a significant number of unskilled medium jobs, as identified in the grid. The ALJ therefore concluded that the plaintiff was not disabled and the District Court found no error.

## II.

On appeal to this court, the plaintiff challenges the District Court's and the ALJ's decisions on several grounds. The plaintiff argued in the District Court that the ALJ disregarded evidence of his affliction with carotid artery disease, as well as bilateral carpal tunnel syndrome. The plaintiff also claimed in the District Court that the ALJ mischaracterized substantial evidence regarding the plaintiff's vocational limitations which, he contended, directly affected the outcome of the case. Third, the plaintiff argued that the ALJ failed to properly consider his depression as a significant impairment in combination with the other impairments. Finally, the plaintiff contended that the ALJ

failed to give his treating physicians' opinions substantial weight.

The District Court concluded that although the ALJ did not specifically address the carotid artery disease in his decision, it noted that the plaintiff failed to highlight this diagnosis in his pre-hearing memorandum. Further, the District Court concluded that the plaintiff's affliction with these conditions, either alone or in combination with his other alleged impairments, had no effect on the ALJ's conclusion regarding his sequential analysis of the impairments under the regulations. The District Court was also of the mind that whether the ALJ specifically addressed these impairments is of no import here because no petition ever stated that these conditions would have any effect on his RFC. The District Court also dismissed plaintiff's argument that the ALJ characterized the plaintiff's past relevant work as heavy, unskilled labor, while plaintiff himself described himself described it as medium level. Assuming for the sake of argument that the ALJ mischaracterized plaintiff's previous work as heavy and unskilled, the District Court concluded that the ALJ still assessed the plaintiff's RFC at "medium at best." By making this conclusion, the District Court noted that the ALJ found that plaintiff was still capable of medium, or at least light or sedentary work. Plaintiff pointed to no evidence to support his contention that he was unable to perform medium, light, or sedentary work.

As for the plaintiff's claim of depression as a significant impairment in combination with the other impairments, the District Court agreed with the ALJ's finding that plaintiff's mild depression did not constitute a "severe" impairment and did not

5

significantly limit his ability to perform work related activities.

Finally, the court dismissed plaintiff's claim that the ALJ failed to give sufficient weight to the treating physician's opinions. The court recognized that a treating physician's opinion is entitled to significant weight. These opinions, however, are not binding on an ALJ and may be rejected if unsupported by objective evidence or outweighed by other evidence in the record. The District Court concluded that the ALJ properly considered and evaluated all the relevant medical evidence of record in finding that the plaintiff retained the RFC for medium work. The ALJ specifically noted that none of the plaintiff's treating physicians' opinions were inconsistent with this assessment as the treating physicians never expressed any opinions on whether plaintiff's impairments precluded work activity.

The District Court was of the opinion that the ALJ gave the treating physicians' diagnoses sufficient consideration and concluded that substantial evidence supports the ALJ's finding that the plaintiff was not disabled.

We perceive no error on the part of the ALJ or the District Court. The judgment of the District Court is affirmed. Each side to bear its own costs.

_____

TO THE CLERK:

Please file the foregoing opinion.

_____          /s/ Max Rosenn, Circuit Judge